UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISAAC MIKE ABERGEL, <br><br> Plaintiff, <br><br> -against- <br><br> GRACIE SQUARE HOSPITAL; ABBOTT LABORATORIES, <br><br> Defendants. | 19-CV-5689 (LLS) <br><br> ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction and diversity jurisdiction, asserting medical malpractice and other claims. Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*, is granted. For the reasons set forth below, the complaint is dismissed.

**STANDARD OF REVIEW**

The Court must dismiss an in forma pauperis complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

BACKGROUND

Plaintiff, a Brooklyn resident, filed this complaint asserting a medical malpractice claim against Gracie Square Hospital, located in Manhattan, alleging that "a patient attacked me in front of family they refuse to call police." (ECF No. 1 at 4.) Plaintiff also accuses Abbott Laboratories, which is headquartered in Illinois, of "aiding and abetting dangerous pharmaceuticals." (ECF No. 1 at 4.) Plaintiff seeks $101 million in damages.

DISCUSSION

A.  Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

1.  Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal

law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Plaintiff asserts a medical malpractice claim. His allegations could also be construed as asserting a products liability claim. These claims arise under state law. The facts asserted in the complaint do not implicate a federal statute, law, or constitutional provision. This is true even if the Court construes Plaintiff's complaint to allege a constitutional claim under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The named Defendants are both private actors who are not generally liable under § 1983. Accordingly, Plaintiff fails to state a claim arising under the Court's federal question jurisdiction.

2. Diversity Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006)

(citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and one of the Defendants reside in New York, precluding complete diversity of citizenship.

**B.    Litigation History**

Beginning June 18, 2019, Plaintiff has filed 40 other cases in this Court. *See Abergel v. Facebook, Inc.*, No. 19-CV-6474 (UA) (filed July 9, 2019); *Abergel v. California*, No. 19-CV-6417 (UA) (filed July 9, 2019); *Abergel v. NewPort Pleasure*, No. 19-CV-6416 (UA) (filed July 9, 2019); *Abergel v. Midwest Recovery Sys., LLC*, 19-CV-6145 (UA) (filed July 9, 2019); *Abergel v. Stig, Inc.*, No. 19-CV-6414 (UA) (filed July 9, 2019); *Abergel v. California Franchise Tax Bd.*, No. 19-CV-6413 (UA) (filed July 9, 2019); *Abergel v. Experian*, No. 19-CV-6412 (UA) (S.D.N.Y. July 9, 2019); *Abergel v. Diversified Consultants, Inc.*, No. 19-CV-6411 (UA) (filed July 9, 2019); *Abergel v. Sprint Corp.*, No. 19-CV-6410 (UA) (filed July 9, 2019); *Abergel v. Red Bull N. Am.*, No. 19-CV-6409 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6408 (UA) (filed July 9, 2019); *Abergel v. Rockstar, Inc.*, No. 19-CV-6407 (UA) (filed July 9, 2019); *Abergel v. Apple, Inc.*, No. 19-CV-6406 (UA) (filed July 9, 2019); *Abergel v. Monster Beverage Corp.*, No. 19-CV-6405 (UA) (filed July 9, 2019); *Abergel v. Experian*, No. 19-CV-6404 (UA) (filed July 9, 2019); *Abergel v. TransUnion*, No. 19-CV-6403 (UA) (filed July 9, 2019); *Abergel v. Bolthouse Juice Prod., LLC*, No. 19-CV-6402 (UA) (filed July 9, 2019); *Abergel v. Miamonides Hosp.*, No. 19-CV-6401 (UA) (filed July 9, 2019); *Abergel v. Equifax*, No. 19-CV-6400 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6399 (UA) (filed July 9, 2019); *Abergel v. Verizon*, No. 19-CV-6398 (UA) (filed July 9, 2019); *Abergel v. Soc. Sec. Admin.*, No. 19-CV-6340 (UA) (filed July 8, 2019); *Abergel v. Atlas Recovery Sober Living*, No. 19-CV-6339 (UA) (filed July 8, 2019); *Abergel v. Juul Labs, Inc.*, No. 19-CV-6337 (UA) (filed July 8, 2019); *Abergel v. PAX Labs, Inc.*, No. 19-CV-6336 (UA) (filed July 8, 2019); *Abergel v. Energy Beverages, LLC*, No. 19-CV-6335 (UA) (filed July 8, 2019); *Abergel v. Prof'l Claims Bureau*,

No. 19-CV-6334 (UA) (filed July 8, 2019); *Abergel v. The Money Store*, No. 19-CV-6285 (UA) (filed July 2, 2019); *Abergel v. Yahoo! Inc.*, No. 19-CV-6281 (UA) (filed July 7, 2019); *Abergel v. New York Lottery*, No. 19-CV-6088 (CM) (filed June 28, 2019); *Abergel v. Resorts World Casino*, No. 19-CV-6040 (CM) (filed June 27, 2019); *Abergel v. Midland Credit Mgmt, Inc.*, No. 19-CV-6039 (UA) (filed June 26, 2019); *Abergel v. Zip Recruiter*, No. 19-CV-5936 (CM) (filed June 25, 2019); *Abergel v. Fundomate LLC*, No. 19-CV-5884 (CM)( filed June 20, 2019); *Abergel v. Toyota Motor Sales, U.S.A., Inc.*, No. 19-CV-5883 (CM) (filed June 20, 2019); *Abergel v. Dover Downs Hotel & Casino*, No. 19-CV-5765 (CM) (S.D.N.Y. June 24, 2019) (transferring case to the United States District Court for the District of Delaware); *Abergel v. Janssen Pharm., Inc.*, No. 19-CV-5681 (CM) (filed June 18, 2019); *Abergel v. New York State Gaming Commission*, No. 19-CV-5680 (UA) (filed June 18, 2019); *Abergel v. Vital Pharm, Inc.*, No. 19-CV-5679 (CM) (filed June 18, 2019). *Abergel v. Equifax*, No. 19-CV-5678 (LLS) (S.D.N.Y. July 12, 2019) (dismissing complaint for failure to state a claim).

Plaintiff is warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement)

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

5

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 15, 2019
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.